## John P. Reynolds *vs.* Stephen Sweetser.

If a wife leaves her husband's house because of his violence and cruelty, and from reasonable apprehension of her safety, he is liable for her board; and also for the board of their child whom she takes with her, if, knowing where the child is, he makes no attempt to reclaim it; and he is not discharged from such liability by his wife's subsequent return to his house.

If a husband, on the trial of an action against him for the board of his wife and child who have left his house, omits to call as a witness another child who has remained with him, and could testify to material facts, such omission is a circumstance to be considered by the jury.

Action of contract for board supplied to the defendant's wife and his child six years old.   At the trial in the court of common pleas in Middlesex at December term 1856, before *Perkins,* J., the testimony was conflicting, and evidence was introduced of the facts assumed in the instructions requested and in those given.

The defendant requested the court to instruct the jury " that they must be satisfied personal violence was inflicted ; that there must be evidence of cruelty sufficient to warrant a divorce ; that if mutual quarrels existed, or if blows were inflicted by the wife on the defendant at such quarrels, the defendant would not be liable ; that the plaintiff must show knowledge of justifiable separation ; that if the wife voluntarily returned to the defendant, it was condonation, and the defendant was not liable."

The court declined so to instruct the jury; and instructed

them "that the plaintiff must satisfy the jury that the wife left through and on account of the fault of the husband, and that the defendant had personally ill treated his wife, and been guilty of violence and cruelty towards her, and that she left his house and carried away the child with her, and went to board with the plaintiff, in consequence of his personal violence and ill treatment toward her, and from reasonable and well grounded apprehension of further personal violence, and that the defendant did not furnish her with food, and made no suitable provision for her support, or that of the child, at home; that the return of the wife to the defendant, after she had boarded with the plaintiff during the time sued for, was not conclusive evidence of condonation, so far as condonation had anything to do with the matter between these parties, or that the wife was properly treated at the house of the defendant before she left and went to the plaintiff's house; that if the jury believed, from the evidence in the case, that the defendant's daughter, eleven years of age, was under the defendant's charge and adverse to the plaintiff, and knew important facts in the case, and could speak to them directly, and, instead of producing her, the plaintiff had left his case on indirect and doubtful evidence, or that the defendant had kept his said daughter away from the plaintiff, and had suppressed important testimony, they might consider the circumstance, but they must make no inference that the witness would have said anything favorable to the plaintiff, if called; that if the wife left the defendant's house under the circumstances above stated by the court as necessary to render the defendant liable for her board, he would be chargeable in this action; that if she was living in plaintiff's family, separated from her husband under circumstances that would entitle the plaintiff to recover for her board, under the rules above given, then he might also recover for the board of the child, if and while the defendant, knowing the child to be boarding with the plaintiff, suffered it to remain there in charge of the mother, and neither made nor offered to make any other provision for its support." The verdict was for the plaintiff, and the defendant alleged exceptions.

*A. V. Lynde,* for the defendant.

*J. Q. A. Griffin,* for the plaintiff.

MERRICK, J. There is no ground of just exception to the instructions given by the presiding judge at the trial in relation to the liability of the defendant for the charges incurred in support either of his wife or child. They were rightly advised, that if he had been guilty of violence and cruelty towards his wife, and she left his house and went to board with the plaintiff in consequence of his personal ill treatment, and because she had reasonable and well grounded apprehension of further violence from him, and he had made no suitable provision for her support, he was responsible to the plaintiff for her board. The law is perfectly well settled upon this subject. In *Houlisber* v. *Smyth,* 2 Car. & P. 29, it was said by Chief Justice Best that there was no pretence for disturbing a verdict on the ground of misdirection where the jury had been told that, if the wife had reasonable apprehension of personal violence, she had a right to leave her husband's house, and he would therefore be liable for her support ; and in this opinion all the other judges concurred. Substantially the same language is used by our own court in the case of *Hancock* v. *Merrick,* 10 Cush. 41. And it has often been laid down, in general terms, that by law the husband is liable to all persons who shall contribute necessaries for her support, if his conduct makes it improper that his wife should live or cohabit with him. *Reed* v. *Moore,* 5 Car. & P. 200. *Emmett* v. *Norton,* 8 Car. & P. 506. *Mayhew* v. *Thayer,* 8 Gray, 172.

It is no doubt true that by the common law the father is usually, and if there be no proof showing that other provision ought to be made for them, entitled to the custody of children born in lawful wedlock ; and this upon the ground that he is liable for the expenses of their nurture, education and support But the right is not absolute. In a clear and strong case of unfitness on his part, the mother may take them into her care, and procure, at his expense and upon his credit, necessaries for their maintenance. *Commonwealth* v. *Briggs,* 16 Pick. 203. In the present case, the plaintiff produced evidence tending to show that the child, for whose board the suit is in fact prosecuted, was

about six years old, and was taken by the mother to his house, and remained there with her, and that the defendant knew the child was there, and took no steps either for reclaiming it or providing for it in any other way. The court instructed the jury, upon these facts, that, if he made no suitable support for the child at home, he was liable for that which its mother procured to be afforded by the plaintiff. The counsel for the defendant, in excepting to this instruction, cited and relied upon the above named case of *Hancock* v. *Merrick* to support his position, that no liability attached to the father and husband for the board of a child taken by his wife away from his home. But the decision in that case went upon the ground, not only that the child was absent without his consent, but contrary to his wishes; and that he had repeatedly requested to be permitted and allowed to have and retain the custody of the child. It was upon the ground that, in manifesting an earnest wish and desire to receive the child into his own care, he impliedly but distinctly indicated and expressed also an intention and willingness to discharge his parental duties, that it was adjudged that he was under no legal responsibility to the plaintiff for the supplies he had furnished or the expenses he had incurred in supporting the child. But here the conduct of the father was altogether of a different character. He made no suitable provision, either at his own home or elsewhere, for the mother and child; and although he was not ignorant of, but well knew, the place to which the latter had been removed, he utterly failed either to do or offer to do anything indicative even of a desire or purpose or willingness to furnish necessaries for its use, or to relieve it from the absolute destitution to which by his neglect and misconduct it had been exposed. Under such circumstances, the defendant — who as a father can never, under our law, (Rev. Sts. *c.* 46, § 5; *c.* 78, § 1;) as long as he has pecuniary ability, be absolved from the obligation of relieving the necessities and contributing to the maintenance of his child — is legally responsible for all charges thus necessarily incurred by his wife on his credit in procuring board and support for their common offspring.

Her voluntary return to his house, after those expenses had thus been justly and unavoidably incurred, had no tendency to release or discharge him from the obligation to which his own misconduct had made it indispensable and right for her to subject him. Whatever effect condonation may have on their respective marital relations, it can have none in regard to the rights of another party, who had previously, for a good and legal consideration, become his creditor.

*Exceptions overruled.*